IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMAIN VAULT LLC, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. **3:14-CV-1126-L** |
| DAVID R. MCNAIR, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Amended Motion to Dismiss Under Rule 12(b)(2), (4), (5), (6), and Rule 9(b) (Doc. 22), filed November 30, 2014, by Defendant David R. McNair ("Defendant" or "McNair"). After considering the motion, briefs, record, and applicable law, the court **grants** the Amended Motion to Dismiss Under Rule 12(b)(2), (4), (5), (6), and Rule 9(b) (Doc. 22) and **dismisses without prejudice** Plaintiff's Racketeering and Influenced Corrupt Organization Act ("RICO") claim for lack of standing. The court **declines** to exercise supplemental jurisdiction over Plaintiff's pendent state law claims for tortious interference with a contract and prospective relations and **dismisses** them **without prejudice** to Plaintiff's right to bring the claims in state court.[1]

**I. Factual and Procedural Background**

On March 31, 2014, Plaintiff Domain Vault LLC ("Domain Vault" or "Plaintiff") brought this action against McNair for alleged RICO violations and state law claims for tortious interference

---

[1] Although Plaintiff alleges that subject matter jurisdiction exists based on diversity of citizenship and federal question, the jurisdictional allegations in its Complaint are insufficient to establish diversity of citizenship because, although Plaintiff alleges that it is a Virginia limited liability company and McNair is domiciled in Cook Islands, it does not set forth the citizenship of its own members. As a result, the court cannot determine whether diversity of citizenship exists between the parties, and determines that its exercise of jurisdiction over Plaintiff's remaining state law claims on this basis would be improper.

with a contract and prospective relations. Plaintiff's claims stem from an ongoing dispute and litigation regarding Novo Point, LLC and Quantec, LLC (collectively, "LLCs"), two Cook Islands limited liability companies whose assets were subject to the receivership imposed in the *Netsphere* litigation, Civil Action No. 3:09-CV-988-L, assigned to this court in June 2013. On November 30, 2014, McNair moved to dismiss Plaintiff's RICO claim for lack of standing.[2] McNair also contends that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(2), (4), (5), (6), and Rule 9(b). Because the court concludes that Defendant's standing argument is dispositive of Plaintiff's only federal claim under RICO, its analysis is directed to that argument.

## II.  Analysis

### A.  Dismissal Under Rule 12(b)(1)—Standing to Assert RICO Claim for Acts Prior to March 12, 2014

McNair does not specifically refer to Rule 12(b)(1) in his motion to dismiss but contends that Plaintiff lacks standing to assert a RICO claim against him because Plaintiff's injuries were not proximately caused by any acts or conduct in which he allegedly engaged. *See* Def.'s Br. ¶¶ 38, 41, 46, 49, 52, 53. McNair contends that the acts alleged by Plaintiff could not have injured Domain Vault because the company did not exist before March 12, 2014, when the alleged conduct occurred. McNair further asserts that he was unaware of Domain Vault's existence prior to being served with process in this case, and Plaintiff acknowledges that his allegedly fraudulent acts were directed at persons or entities other than Domain Vault and, thus, could not have proximately caused Domain

---

[2] McNair initially moved to dismiss Plaintiff's claims on May 16, 2014. The court struck this earlier-filed motion to dismiss for failure to comply with the court's Local Civil Rules but subsequently allowed McNair to file an amended motion to dismiss.

Vault's alleged injuries. McNair's RICO standing argument goes to the court's subject matter jurisdiction. The court, therefore, considers it in the context of Rule 12(b)(1).

Standing pertains to subject matter jurisdiction and can be raised in a Rule 12(b)(1) motion to dismiss. *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006); *Lee v. Verizon Commc'ns Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013), *aff'd*, ⸺ F. App'x ⸺, 2015 WL 4880972 (5th Cir. Aug.17, 2015). The doctrine of standing deals with the question of who may bring suit in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff must satisfy constitutional and prudential requirements to establish standing. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). The issue raised by McNair's motion is constitutional standing, which requires a plaintiff to establish: (1) injury-in-fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). The Fifth Circuit has held that "a RICO plaintiff must satisfy two elements—injury and causation," to establish standing. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998).

Challenges to subject matter jurisdiction are either facial or factual in nature. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If a party relies only its motion, the challenge to subject matter jurisdiction is considered a facial attack, and the court's determination of the motion is based on the sufficiency of the plaintiff's pleadings, which must be accepted as true. *Id.* A factual attack of the court's subject matter jurisdiction, on the other hand, "challenges the facts on which

jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). When a motion to dismiss for lack of subject matter jurisdiction is supported by evidence, it is considered a factual attack, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court is, therefore, "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

In response to a factual attack, the plaintiff, as the party seeking to invoke jurisdiction, has the burden of submitting evidence and proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Paterson*, 644 F.2d at 523. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of whether the attack is facial or factual, the party asserting federal jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citations omitted).

In support of his motion, McNair relies on his declaration to show that he was unaware of Domain Vault's existence before this lawsuit. He also requests the court to take judicial notice of Domain Vault's March 12, 2014 date of incorporation as reflected on the Virginia State Corporation Commission's ("SCC") website.[3]

---

[3] According to the Virginia State Corporation Commission's website, SCC is a Virginia regulatory agency and the state's central filing office for corporations, limited partnerships, and limited liability companies.

**Memorandum Opinion and Order – Page 4**

Under Rule 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Filings with government agencies, public records, and government documents available from an official government website or other reliable source on the Internet have been held not to be subject to reasonable dispute. *See, e.g.*, *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (holding that a district court may take judicial notice of information on an official government website); *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 706 n.4 (S.D. Tex. 2013) (citing *Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412, 415 (S.D.N.Y. 2009), for the proposition that a court may "take judicial notice of filings with government agencies that are a matter of public record")); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute. This includes public records and government documents available from reliable sources on the Internet.") (internal citation omitted). The court, therefore, **grants** Defendant's request to take judicial notice of Domain Vault's March 12, 2014 date of incorporation as reflected on Virginia's SCC website.

As McNair relies on evidence outside of the pleadings, his motion to dismiss presents a factual challenge to subject matter jurisdiction. Accordingly, Plaintiff was required to "submit facts through some evidentiary method" and to prove jurisdiction by a preponderance of that evidence. *See Paterson*, 644 F.2d at 523. Plaintiff did not respond to McNair's standing argument or present any evidence in this regard. Because Plaintiff has not adduced sufficient evidence to establish jurisdiction and has instead relied primarily on its pleadings, it has failed to meet its burden of establishing standing by a preponderance of that evidence.

Even taking Plaintiff's pleadings as true, the court concludes that Domain Vault could not have suffered any compensable injury as required by section 1964(c) as a result of McNair's alleged conduct prior to Domain Vault's March 12, 2014 incorporation date, because there is no evidence that Domain Vault existed prior to this date, and there is no indication from Plaintiff's Complaint that any of the alleged conduct occurred after this date. Consequently, any interests in the LLCs' assets that Domain Vault expected to receive before it came into existence on March 12, 2014, are "expectancy interests" and insufficient for purposes of standing under RICO. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998) ("Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing.") (footnote omitted).

The only specific date alleged in Plaintiff's Complaint is March 4, 2014, the date on which Plaintiff alleges that "McNair attempted to induce [LLC manager] Lisa Katz and counsel for Novo Point LLC and Quantec LLC [Christopher Payne] to turn over all company assets to McNair." Pl.'s Compl. ¶ 19. As this alleged act occurred before March 12, 2014, it cannot support standing.

Plaintiff also alleges: "[I]n March 2014 McNair conspired with Baron's counsel [Leonard] Simon to have Simon doctor an affidavit by superimposing missing dates to a pdf copy of the document in an effort to fraudulently induce [this court] into believing that the original affidavit and jurat were properly executed when they were not." *Id.* ¶ 21. Plaintiff goes on to allege that this court "was not taken in by McNair's scheme" and ordered the receiver to return all LLC assets to Katz. *Id.* ¶ 22. Plaintiff does not allege the specific date in March 2014 when the aforementioned conduct occurred; however, based on its familiarity of the *Netsphere* litigation and record, the court is aware that this issue was brought to its attention by the LLCs' attorney on March 10, 2014, before Domain Vault's incorporation date. *See Netsphere* (Doc. 1377). Moreover, if, as Plaintiff alleges, that the

court was not taken in by the scheme and ordered the assets returned to the LLCs' manager Lisa Katz, Domain Vault could not have suffered any injury as a result.

The only other allegation by Plaintiff pertains to McNair's allegedly fraudulent communications "in March 2014" with third party domain name registrars and domain name development service providers in an attempt to prevent Lisa Katz from accessing the LLCs' domain names and secure the transfer of the LLCs' assets to himself. According to Plaintiff, this alleged conduct by McNair was taken to prevent Lisa Katz, not Domain Vault, from accessing the LLCs' assets. Plaintiff also alleges that the assets from the domain name registrars and domain name development service providers "were to provide an income stream to Domain Vault LLC." Pl.'s Compl. ¶ 27. Again, however, any income that Domain Vault anticipated receiving at some point in the future qualifies only as injury to mere expectancy interests and is insufficient to confer RICO standing. *See Price*, 138 F.3d at 607. Accordingly, Plaintiff lacks standing to pursue its RICO claim, and the court will grant McNair's motion to dismiss in this regard.

    **B.**   **Dismissal of RICO Claim Under Rules 12(b)(2), (4), and (5), and 9(b)**

The court's determination that it lacks subject matter jurisdiction over Plaintiff's RICO claim moots Defendant's contention that dismissal of this claim is appropriate under Rules 12(b)(2), (4), (5), and 9(b). Accordingly, the court **denies as moot** Defendant's request for the court to dismiss Plaintiff's RICO claim on these grounds.

    **C.**   **Supplemental Jurisdiction Over State Claims**

As a general rule, courts "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In deciding whether to exercise supplemental jurisdiction, courts consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id.* at 350-51. No single factor is dispositive. *Id.*

Plaintiff's state claims do not involve novel or complex issues of state law; however, state court is usually the preferred forum for state law claims. All of the remaining factors weigh in favor of the court declining to exercise supplemental jurisdiction. There has been minimal activity in the case since it was filed in March 2014; no scheduling order has been entered; minimal judicial resources have been expended; the court has not addressed the merits of Plaintiff's state law claims; and there is no indication that the parties have spent a sizeable amount of money or time preparing this litigation in federal court. Further, as related proceedings have been filed in state court and remain pending, the court concludes that dismissal of this action without prejudice to Plaintiff's right to bring or assert the claims in state court, would not be unfair or inconvenient. In light of these facts and the court's dismissal of Plaintiff's RICO claim, the court **declines to** exercise supplemental jurisdiction over Plaintiff's state claims for tortious interference with a contract and prospective relations and **dismisses** them **without prejudice** to Plaintiff's right to bring the claims in state court. Accordingly, the court need not address Defendant's contention that Domain Vault's failure to register as a foreign corporation under section 9.004(b)(9) of the Texas Business Organization Code and failure to maintain a registered agent for service of process in Texas preclude it from maintaining a cause of action in Texas based on business conducted in Texas.

### III. Amendment of Pleadings

Plaintiff contends that its pleadings are sufficient to withstand Defendant's motion to dismiss but asserts: "In an abundance of caution, Domain Vault LLC notes that if this Honorable Court should find any deficiency with respect to the factual pleadings in the Complaint, Domain Vault LLC can add further factual detail as to the clear plausibility of its claims." Pl.'s Resp. 9. The court construes this statement as a request by Plaintiff to amend its pleadings if the court determines that Defendant's motion to dismiss should be granted.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure, that states "[t]he court should freely give leave when justice so requires," is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Although Plaintiff has not previously amended its pleadings, the court concludes that any attempt at amending Plaintiff's RICO claim would be futile and unnecessarily delay the resolution of this action. Accordingly, the court will not allow Plaintiff to amend its pleadings as to this claim.

### IV. Conclusion

For the reasons stated, the court **grants in part and denies in part** the Amended Motion to Dismiss Under Rule 12(b)(2), (4), (5), (6), and Rule 9(b) (Doc. 22). The court **grants** the Amended

Motion to Dismiss Under Rule 12(b)(2), (4), (5), (6), and Rule 9(b) and **dismisses without prejudice** Plaintiff's RICO claim for lack of standing.  The court **declines** to exercise supplemental jurisdiction over Plaintiff's pendent state law claims for tortious interference with a contract and prospective relations and **dismisses** them **without prejudice** to Plaintiff's right to bring the claims in state court.   In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

  **It is so ordered** this 28th day of September, 2015.

            _____
            Sam A. Lindsay
             United States District Judge